Judge Mills
delivered the Opinion of the Court.
This is a bill in chancery, filed by Terry against Bleight and his assignees, to rescind a contract for the sale of, 200 acres of land to the former, by the latter.
Sleight had executed his ho'nd for the conveyance, by a quit claim deed, when the last payment of the-purchase money way paid, and Terry had given his promisery notes, for several instalments, some of which BÍeight had assigned away, and the assignees-sued Terry and recovered judgments, which were enjoined by the bill. The defendants all answered, *271 ami made their answers operate as cross bills against each other.
Grounds for rescisión.
Bleight’s an* nver.
Decree of the circuit court.
To maintain the title under thc/Snle of land for the direct tax of the United States, the purchaser must show that all tho requisites of the law have been complied with.
Decisions of tho supremo court, in giving effect and. operation to the laws of the U. States, are on such subjects, authority in this court.
In sales of land under the state revenue laws. & under execution, the offionrs are prej umod to have done (heir duly, till the contrary is proved.
*271 The grounds of equity set up to rescind the contract, arc, that the claim of Bleight, which he had sold and stipulated to convey, had been, after his sale to the complainant, twice sold for the direct taxes due to the United States, and once by the sheriff, under an execution against Bleight for costs.
Bieight, in his answer, admits that he is informed that such sales had taken place, but has no personal knowledge of either; he contests the legality of all of them, and particularly charges that the sale under execution was fraudulent, and by collusion between the sheriff, the plaintiff in tiie execution and the purchaser, and requires strict proof of every thing which is to affect his Ínteres^.
On final hearing, the court below dissolved tho injunction with damages, and dismissed the biil with costs, to reverse which, the plaintiff below has prosecuted this appeal.
As to the sales for direct taxes, there is no evidence filed in the cause, whereby it can be seen, whether they were duly and properly made. The supreme court of the United States have held such sales to great strictness. The omisprohnndi lies On him who relies on them. Nothing is presumed in favor of the oi’gans of the law who have conducted them; but to sustain them, it must be shewn, that all the requisites of the law have been complied with, or the sale passes no title.
Whether this rigid treatment of such sales can be maintained on principle, we need not now enquire. Far it is adopted by the judiciary of the United States, in giving effect and operation to the laws of that government, and we do not feel disposed to give to the acts of Congress, and these .sales made in pursuance thereof, a greater effect than the functionaries of .the nation have done, and thus drive our citizens into the Federal Court, to be relieved from sales held void by those courts, but sustained in our own.
In giving effect to sales made by operation of the laws of this State, this court has adopted a different rule. In the case of the sales ef land under exe *272 cution, and for taxes, we presume the law has been complied with by the executive officers till the contrary appears; but these cases cannot form a .precedent for construing an act of Congréss, and effectuating a sale made in pursuance thereof, which lias already been construed and settled by the judicial tribunals of the government which has adopted the law.
No proof being adduced, sale for (lie direct tax disregarded.
To maintain a sale for land under execution, the judgment must be produced.
On an appeal dismissing the bill, this court cannot aevise the decree dismissing the <*ro5s bill, unless the complainant therein become actor here also, by appeal or writ of error, and assigns •errors on his port.
As the complainant, therefore, in this case, has not produced the official evidence of the sales for taxes, and has not shewn that one requisite has been complied with in making these sales, we cannot sustain them as of any validity, or admit that the fact of their existence can be of any aid to him, in getting clear of a contract for the same land.
The sale under execution only remains. Ho has produced a conveyance from the sheriff, and an execution under which the sale purports to have beer, made, but has produced no judgment. As the Acts of this State, permitting lands to he sold for the payment of debts, only tolerate the sales to .be made in satisfaction of judgments; the judgment is a necessary muniment of the title, and it has always been held by this court, that the production of the judgment is indispensable. The court, therefore, did not err in refusing the complainant below any relief.
Bleight, in his answer in the nature of a cross bill, made the complainant a defendant, and set up two other notes held for the last, instalments, and prayed a decree for the aroonnf, and that it might he charged on the land, and the land be sold in satisfaction, in pursuance of the ’ien Which he held as vendor, without ai.y other stc unity. This cross bill was dismissed by the court below, and it has been suggested by the counsel tor Bieight, that this is a remaining question in the cause to bo decided by this court. It must have escaped I he attention of the counsel, that Uleight has not appealed, or prosecuted, any writ of error, or made any assignment of errors complaining of any injustice done him by this decision. And while he does not complain, we ought not to •consider the merifs oT the *273 tlucreo dismissing the complaint in his answer in the nature of a cross bill.
Hardin for appellant; Darby for appellees.'
The decree of fhc court below must be affirmed, with costs and damages on the damages given below,